UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BAYWATER DRILLING, LLC,**<br>       **Plaintiff**<br><br>versus<br><br>**AMERICAN NATURAL ENERGY CORPORATION,**<br>       **Defendant** | CIVIL ACTION NO.:<br><br>ADMIRALTY<br><br>JUDGE:<br><br>MAGISTRATE: |

## VERIFIED COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Baywater Drilling, LLC ("Baywater"), who respectfully files and submits this Verified Complaint for Damages against Defendant, American Natural Energy Corporation ("ANEC"), averring, upon information and belief, as follows:

### THE PARTIES, JURISDICTION, AND VENUE

I.

Plaintiff, Baywater, is a limited-liability company organized and existing under the laws of the State of Delaware with its principal place of business in Houma, Louisiana. Baywater is authorized to do and is doing business in the State of Louisiana. For purposes of federal diversity-of-citizenship jurisdiction, Baywater is a citizen of the State of Texas. Baywater is wholly owned by HV Holdings Company, LLC, which, in turn, is comprised of a sole member who is a citizen of the State of Texas.

II.

Defendant, ANEC, is incorporated in the State of Oklahoma with its principal place of business in the State of Oklahoma. For purposes of federal diversity-of-citizenship jurisdiction, ANEC is a citizen of the State of Oklahoma.

{N3790638.1}

III.

This Honorable Court has subject-matter jurisdiction over this dispute pursuant to the admiralty and maritime jurisdiction of the United States, 28 U.S.C. § 1333.  This matter involves a dispute stemming from two Daywork Drilling Contracts (collectively, the "Contracts") entered into by and between Baywater and ANEC, which call for the application of maritime law. Furthermore, the Contracts are maritime in nature and give rise to admiralty jurisdiction pursuant to 28 U.S.C § 1333.

IV.

Alternatively, the Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 and diversity-of-citizenship jurisdiction.  Complete diversity of citizenship exists, because for purposes of Section 1332, Baywater is a citizen of Texas, and ANEC is a citizen of Oklahoma.  Further, as evidenced herein, the amount-in-controversy requirement is also satisfied in this case, as Baywater's damages are in excess of the $75,000.00 jurisdictional threshold.

V.

Venue is proper before this Honorable Court pursuant to 28 U.S.C. § 1391.  Furthermore, venue is proper before this Honorable Court pursuant to the "Governing Law" provision of the Contracts, which provides that "[t]he venue of any litigation between the parties shall be in the Eastern District of Louisiana."

**THE DISPUTE**

VI.

On or about November 6, 2017, Baywater and ANEC entered into that certain Daywork Drilling Contract related to the DSCI #129 well in the Bayou Couba Field in the Gulf of Mexico (the "November 2017 Contract").  Pursuant to the November 2017 Contract, Baywater agreed to furnish a drilling rig and other equipment, insurance, and personnel to ANEC for the purpose of

{N3790638.1}
2

drilling a well and performing related auxiliary operations and services for ANEC.  In exchange, ANEC agreed to pay to Baywater various fees at contractually agreed upon rates as set forth in the November 2017 Contract.

VII.

Article 5.2 of the November 2017 Contract required ANEC to pay for all services prior to any work being performed by Baywater.  The November 2017 Contract provided that any payments not made prior to work being performed would be charged a fee of 15%, in addition to the contractually agreed-upon day rates and other rates.  The November 2017 Contract further provided that "[a]ny disputed sums (including amounts ultimately paid with respect to a disputed invoice) not paid within the above specified days shall bear interest at the rate of 1-1/2 percent or the maximum legal rate, whichever is less, per month from the due date until paid."  The November 2017 Contract also gave Baywater the right to terminate the contract if ANEC failed to pay for undisputed items.

VIII.

In April of 2018, Baywater and ANEC entered into that certain Daywork Drilling Contract related to the DSCI #129 RC well in the Bayou Couba Field in the Gulf of Mexico (the "April 2018 Contract").  Pursuant to the April 2018 Contract, Baywater agreed to furnish a drilling rig and other equipment, insurance, and personnel to ANEC for the purpose of drilling a well and performing related auxiliary operations and services for ANEC.  In exchange, ANEC agreed to pay Baywater various fees at contractually agreed upon rates as set forth in the April 2018 Contract.

IX.

Article 5.2 of the April 2018 Contract required ANEC to pay for all services prior to any work being performed by Baywater.  The April 2018 Contract provided that any payments not made prior to work being performed would be charged a fee of 15%, in addition to the contractually agreed-upon day rates and other rates.  The April 2018 Contract further provided that "[a]ny disputed sums (including amounts ultimately paid with respect to a disputed invoice) not paid within the above specified days shall bear interest at the rate of 1-1/2 percent or the maximum legal rate, whichever is less, per month from the due date until paid."  The April 2018 Contract also gave Baywater the right to terminate the contract if ANEC failed to pay for undisputed items.

X.

Beginning in November 2017 and April 2018, respectively, Baywater began performing the work and services contemplated by the Contracts, and Baywater issued periodic invoices to ANEC.

XI.

On or about January 9, 2018, Baywater issued Invoice No. 6411, in the principal amount of $208,366.03, to ANEC.

XII.

Subsequent to Baywater's issuance of Invoice No. 6411, ANEC made a partial payment in the amount of $40,254.96.  Following ANEC's partial payment, the outstanding balance on Invoice No. 6411 was $168,111.07.  As of the filing of this Complaint for Damages, ANEC has not made any other payments on Invoice No. 6411, and the principal amount of $168,111.07, plus interest, remains due and owing.

XIII.

As of October 31, 2018, interest in the amount of $25,216.66 had accrued on Invoice No. 6411. Furthermore, interest continues to accrue on a monthly basis, at a rate of 1.5%, as set forth in the Contracts. As of the filing of this Complaint for Damages, the accrued interest on Invoice No. 6411 is approximately $35,303.32, and interest will continue to accrue until the amounts owed under Invoice No. 6411 are paid.

XIV.

On or about May 31, 2018, Baywater issued Invoice No. 7702, in the principal amount of $3,938.65, to ANEC.

XV.

ANEC has not made any payments on Invoice No. 7702, and the principal amount of $3,938.65, plus interest, remains due and owing.

XVI.

As of October 31, 2018, interest in the amount of $295.40 had accrued on Invoice No. 7702. Furthermore, interest continues to accrue on a monthly basis, at a rate of 1.5%, as set forth in the Contracts. As of the filing of this Complaint for Damages, the accrued interest on Invoice No. 7702 is approximately $531.72, and interest will continue to accrue until the amounts owed under Invoice No. 7702 are paid.

XVII.

On or about May 31, 2018, Baywater issued Invoice No. 7703, in the principal amount of $1,887.78, to ANEC.

XVIII.

ANEC has not made any payments on Invoice No. 7703, and the principal amount of $1,887.78, plus interest, remains due and owing.

XIX.

As of October 31, 2018, interest in the amount of $141.58 had accrued on Invoice No. 7703. Furthermore, interest continues to accrue on a monthly basis, at a rate of 1.5%, as set forth in the Contracts. As of the filing of this Complaint for Damages, the accrued interest on Invoice No. 7703 is approximately $254.85, and interest will continue to accrue until the amounts owed under Invoice No. 7703 are paid.

XX.

In sum, ANEC presently owes the following amounts, inclusive of principal and interest, to Baywater, and interest will continue to accrue on a monthly basis at a rate of 1.5% pursuant to the Contracts:

| **Invoice No.** | **Invoice Date** | **Principal Owed** | **Interest Owed** (*As of February 28, 2019*) |
|---|---|---|---|
| INV-6411 | 01/09/2018 | $168,111.07 | $35,303.32 |
| INV-7702 | 05/31/2018 | $3,938.65 | $531.72 |
| INV-7703 | 05/31/2018 | $1,887.78 | $254.85 |
| **TOTALS:** | | **$173,937.50** (in principal) | **$36,089.89** (in interest, as of 02/28/19 |

XXI.

On or about November 30, 2018, Baywater sent to ANEC a written demand for payment of the outstanding amounts. The demand was sent via certified mail, return receipt requested, to

ANEC's Vice-President, Steven P. Ensz. Baywater did not receive a response to the demand letter.

XXII.

Pursuant to Section 5.3 of the November 2017 Contract and the April 2018 Contract, Baywater is entitled to an award of attorneys' fees in this matter. Specifically, Section 5.3 provides as follows:

> 5.3 Attorney's Fees: If this Contract is placed in the hands of an attorney for collection of any sums due hereunder, or suit is brought on same, or sums due hereunder are collected through bankruptcy or probate proceedings, then Operator [ANEC] agrees that there shall be added to the amount due reasonable attorney's fees and costs.

XXIII.

Section 18 in both Contracts is a "Governing Law" provision, which reads as follows:

> This Contract shall be governed and interpreted under the General Maritime Laws of U.S.A. whenever any performance is contemplated in, on, or above navigable waters, whether onshore or offshore. In all other instances, the internal laws of the State of Louisiana shall apply, without regard for any conflicts of law principles. The venue of any litigation between the parties shall be in the Eastern District of Louisiana.

## COUNT I – BREACH OF CONTRACT

XXIV.

Baywater re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

XXV.

ANEC is liable to Baywater for breach of contract under the General Maritime Law or, alternatively, Louisiana law.

XXVI.

The elements of breach of contract under the General Maritime Law and Louisiana law are essentially the same: (1) a valid and enforceable contract; (2) breach of that contract; and (3) damages.

XXVII.

The Contracts between ANEC and Baywater are valid and enforceable contracts under the General Maritime Law and Louisiana law.

XXVIII.

Baywater agreed in the Contracts to furnish a drilling rig and other equipment, insurance, and personnel to ANEC for the purpose of drilling wells and performing related auxiliary operations and services for ANEC. In exchange, ANEC agreed to pay to Baywater various fees at contractually agreed upon rates.

XXIX.

Baywater performed its work and services under the Contracts, and Baywater submitted periodic invoices to ANEC, including Invoice Nos. 6411, 7702, and 7703.

XXX.

ANEC has altogether failed to remit timely and complete payments of Invoice Nos. 6411, 7702, and 7703, and ANEC has thus breached the Contracts.

XXXI.

Baywater has sustained damages as a result of ANEC's breaches of contract and failure to timely and completely pay the amounts owed under Invoice Nos. 6411, 7702, and 7703. More specifically, Baywater is entitled to damages in the principal amount of $173,937.50, plus interest at the rate of 1.5% per month until the invoices are fully and finally paid. As of the filing of this Complaint for Damages, interest in the amount of $36,089.89 has accrued as the result of

ANEC's failure to timely and completely pay Invoice Nos. 6411, 7702, and 7703, and interest will continue to accrue.

XXXII.

Baywater is entitled to recover its attorneys' fees and costs pursuant to Section 5.3 in the Contracts.

**COUNT II – OPEN-ACCOUNT CLAIM**

XXXIII.

Baywater re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

XXXIV.

Alternatively, ANEC is liable to Baywater under the Louisiana Open Account Statute, Louisiana Revised Statutes § 9:2781 *et seq.*

XXXV.

On or about November 30, 2018, Baywater sent to ANEC a written demand for payment of the outstanding amounts. The demand, which was sent via certified mail, return receipt requested, to ANEC's Vice-President, Steven P. Ensz, correctly set forth the amounts that were then-owed under Invoice Nos. 6411, 7702, and 7703. Baywater did not receive a response to the demand letter.

XXXVI.

Despite Baywater's written demand, the principal amount of $173,937.50, plus interest, remains due and owing by ANEC.

XXXVII.

Pursuant to Louisiana Revised Statutes § 9:2781, ANEC is truly, justly, and legally indebted to Baywater in the principal amount of $173,937.50, together with legal interest from

the date of judicial demand until finally paid, for reasonable attorneys' fees, and for all costs incurred in connection with these proceedings.

XXXVIII.

WHEREFORE, Baywater prays for judgment against ANEC for the following non-exclusive damages:

1. for monetary damages in the amount $173,937.50, plus legal and contractual interest until finally paid, costs, and attorneys' fees; and

2. for all other damages to which Baywater is entitled as a matter of law, including but not limited to interest, costs, and attorneys' fees.

This 20th day of March, 2019.

Respectfully submitted,

*/s/ Brett S. Venn*
BRETT S. VENN (#32954)
CHRISTOPHER K. ULFERS (#36712)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: 504-582-8320
Facsimile: 504-589-8320
Email: bvenn@joneswalker.com
culfers@joneswalker.com
*Attorneys for Baywater Drilling, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYWATER DRILLING, LLC<br>Plaintiff<br><br>versus<br><br>AMERICAN NATURAL ENERGY CORPORATION,<br>Defendant | CIVIL ACTION NO.:<br><br>ADMIRALTY<br><br>JUDGE:<br><br>MAGISTRATE: |

## VERIFICATION

**STATE OF LOUISIANA**

**COUNTY OF** Terrebonne Parish

BEFORE ME, the undersigned authority, personally came and appeared:

**JEFF SOILEAU**

who, after being duly sworn, did depose and say that:

I.

He is the Executive Vice President and Chief Financial Officer of Baywater Drilling, LLC;

II.

He read the foregoing Verified Complaint, and it is true and correct to the best of his knowledge, information, and belief;

III.

The sources of his said knowledge, information, and belief are his position of Executive Vice President and Chief Financial Officer, his personal knowledge arising from the course and

{N3790638.1}

2

scope of his employment, and his review of certain business records, which are ordinarily kept and readily accessible to him; and

IV.

He is authorized to make this Verification on behalf of Baywater Drilling, LLC.

_____
JEFF SOILEAU

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, ON THIS
__19th__ DAY OF MARCH, 2019.

_____
NOTARY PUBLIC
BAR / NOTARY I.D. NO. __150786__
MY COMMISSION EXPIRES: __at death__



HEATHER HUNTER
Notary Public
State of Louisiana
Terrebonne Parish
Notary ID # 150786
My Commission is for Life

{N3790638.1}

2